176

Wɪʟsᴏɴ, Aᴘᴘᴇʟʟᴇᴇ, *v.* Pᴏʀᴛᴇʀꜰɪᴇʟᴅ, Tᴀx Cᴏᴍᴍʀ., Aᴘᴘᴇʟʟᴀɴᴛ.

[Cite as Wilson v. Porterfield (1971), 28 Ohio St. 2d 176.]

(No. 71-152—Decided December 22, 1971.)

*Mr. Chester R. Early*, for appellee.
*Mr. William J. Brown*, attorney general, and *Mr. Dwight C. Pettay, Jr.*, for appellant.

O'NEILL, C. J. The issue presented in this appeal is whether the provision of R. C. 5739.12, requiring a vendor who fails to file a return to "forfeit and pay into the state treasury the sum of one dollar" for each day of such failure, constitutes a penalty which may not be collected by the Tax Commissioner in conjunction with a penalty imposed under the provisions of R. C. 5739.13.

R. C. 5739.12 reads, in part:

"* * * Any vendor who fails to file a return under this section and the rules and regulations of the commissioner shall, for each day he so fails, forfeit and pay into the state treasury the sum of one dollar, as revenue arising from the tax imposed by Sections 5739.01 to 5739.31 * * * and such sum may be collected by assessment in the manner provided in Section 5739.13 of the Revised Code."

R. C. 5739.13 reads, in part:

"The commissioner may make an assessment against

178

any vendor who fails to file a return required by Section 5739.12 of the Revised Code * * *.
"* * *

"A penalty of fifteen per cent shall be added to the amount of every assessment made under this section. * * *""

An examination of the foregoing statutes reveals that, in R. C. 5739.12, the General Assembly designated the one-dollar-per-day forfeiture as "revenue," collectible by assessment, and designated the penalty provision contained in R. C. 5739.13 as a penalty.

Given their ordinary meaning, the words of those statutes indicate that the General Assembly intended to distinguish the forfeiture provision of R. C. 5739.12 and the penalty provision of R. C. 5739.13.

Notwithstanding the plain words of those statutes, the board interpreted the forfeiture provision of R. C. 5739.12 to be a penalty.

In the case of *In re Estate of Lange* (1956), 164 Ohio St. 500, this court approved the General Assembly's designation of an assessment as a penalty. It was there stated, at page 504:

"It must be presumed that the General Assembly knew the meaning of the words it used in its enactments. When it incorporated the word, 'penalty,' in Section 5390, General Code * * * the General Assembly must have meant just what it said * * *."

In accordance with the principle stated in *Lange* that the General Assembly is aware of the meaning of the words it employs in its enactments, we are of the opinion that the one-dollar-per-day forfeiture provision of R. C. 5739.12, which is therein designated as revenue collectible by assessment, is not a penalty, and that the only penalty intended by the General Assembly to be imposed upon a vendor for failure to file a sales tax return is that expressed in R. C. 5739.13.

From this conclusion, it follows that the Board of Tax Appeals erred in concluding that the penalty portion of the Tax Commissioner's order was improper.

Therefore, the decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

SCHNEIDER, HERBERT, SILBERT, CORRIGAN, STERN and LEACH, JJ., concur.

SILBERT, J., of the Eighth Appellate District, sitting for DUNCAN, J. JUDGE SILBERT of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE SILBERT did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.