VILLAGE MUSIC, INC., APPELLEE, *v.* COLLINS, TAX COMMR., APPELLANT.

(No. 77-407—Decided May 3, 1978.)

*Mr. Edward F. Zoltanski* and *Mr. Richard J. Szcze-paniak, Jr.*, for appellee.

*Mr. William J. Brown*, attorney general, *Mr. John C. Duffy, Jr.*, and *Mr. Charles M. Steines*, for appellant.

*Per Curiam.* The major question on appeal is whether a vendor's affirmative duty to make and timely file sales tax returns, pursuant to R. C. 5739.12, as well as such delinquency charges and penalties for non-compliance as prescribed by R. C. 5739.12 and 5739.13, are contingent upon the delivery of preprinted sales tax return forms to the vendor by the commissioner. To this we must reply in the negative.

It is clear from the provisions of R. C. 5739.03 that " * * * each vendor shall collect from the consumer as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale * * *." The acceptance by the vendor of this fiduciary position is a necessary condition to the issuance of a vendor's license and must not be treated lightly by the vendor.

It is as equally clear that, under R. C. 5739.12, each vendor has a duty to "make and file a [sales tax] return." We disagree, however, with the conclusion of the Court of Appeals that a condition precedent to the obligation of a vendor to perform this duty has been established under R. C. 5703.05 and 5703.35. R. C. 5703.05(A) states that the duties of the tax commissioner include "[p]rescribing all blank forms which the department [of taxation] is authorized to prescribe, and to provide such forms and distribute the same as required by law * * *." R. C. 5703.35 reads, in pertinent part:

"The department of taxation shall cause to be prepared suitable blanks for carrying out the purpose of the laws which it is required to administer, and, on application, shall furnish such blanks to each company, firm, corpora-

tion, person, association, partnership or public utility subject to such laws."

We find nothing in these or any other statutes which expressly or impliedly qualifies the independent duty of a vendor, such as appellee, to make and timely file sales tax returns and we know of no policy which compels us to devise such a condition to a vendor's performance of this duty. Therefore, we hold that where, as here, a vendor, acting as a trustee for the state in the collection of the sales tax, does not file a sales tax return for a period of two and one-half years, the failure of the commissioner to deliver preprinted tax return forms to the vendor cannot excuse that vendor from his statutory duty, under R. C. 5739.-12, to "make and [timely] file a return."

Since appellee did not timely file the required sales tax returns, appellee is also subject to a delinquency charge, pursuant to R. C. 5739.12, which provides, in pertinent part:

"* * * Any vendor who fails to file a return under this section * * * shall, for each day he so fails, forfeit and pay into the state treasury the sum of one dollar, as revenue arising from the tax imposed by sections 5739.01 to 5739.31 of the Revised Code, and such sum may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

The commissioner has the authority to make such an assessment and, at his discretion, levy the delinquency charge upon a vendor under R. C. 5739.13, which reads, in pertinent part:

"The commissioner may make an assessment against any vendor who fails to file a return required by section 5739.12 of the Revised Code * * *."

Once an assessment against a vendor has been made by the commissioner, the addition of a penalty is mandatory under R. C. 5739.13, which provides, in pertinent part:

"A penalty of fifteen per cent shall be added to the amount of every assessment made under this section. The commissioner may adopt and promulgate rules and regu-

lations providing for the remission of penalties added to assessments made under this section.''

We must therefore further reverse the Court of Appeals in its holding that the commissioner abused his discretionary authority in assessing a delinquency charge, and the penalty thereon, against appellee, for such a holding is based upon the appellate court's misconceived placement of a condition upon a vendor's performance of his duty, pursuant to R. C. 5739.12, to timely file sales tax returns.

Finally, we affirm the conclusion of the Court of Appleas that the commissioner properly exercised his discretion when he assessed the statutorily imposed penalty on the sales tax obligation.

Accordingly, the judgment of the Court of Appeals is reversed in part and affirmed in part.

*Judgment reversed in part and affirmed in part.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.