OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Ernst Enterprises, Inc., Appellee, v. Tracy, Tax Commr., Appellant.
[Cite as Ernst Enterprises, Inc. v. Tracy (1994),     Ohio St.3d     .]
Taxation -- Sales tax -- Failure to file return -- Assessment of delinquency charge.
(No. 93-114 -- Submitted January 11, 1994 -- Decided March 30, 1994.)
Appeal from the Board of Tax Appeals, Nos. 91-A-194, 91-A-195 and 91-A-196.

Ernst Enterprises, Inc. ("Ernst"), appellee, a supplier of ready-mix concrete, failed to file several 1988 and 1989 sales tax returns timely. Ernst ultimately filed these returns. For this failure, the Tax Commissioner, appellant, charged Ernst an additional amount equaling ten percent of the sales tax due and penalized Ernst fifty percent of the total amount due, including the additional charge.

Ernst appealed to the Board of Tax Appeals ("BTA"), and the BTA, inter alia, disallowed the penalty on the additional charge. The BTA found that R.C. 5739.133 provides for a penalty to be added to every amount assessed under R.C. 5739.13. The BTA ruled that the additional charge was assessed under R.C. 5739.12, not R.C. 5739.13. Thus, the board found that no statutory basis existed to assess a fifty-percent penalty on the ten-percent additional charge.

The cause is now before this court upon an appeal as of right.

Coolidge, Wall, Womsley & Lombard and Merle F. Wilberding, for appellee.
Lee I. Fisher, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellant.

Per Curiam.
In Wilson v. Porterfield (1971), 28 Ohio St.2d 176, 57 O.O. 2d 409, 277 N.E. 2d 207, syllabus, we held that the "forfeiture," at that time $1 per day, to be paid if a vendor failed to file a sales tax return under R.C. 5739.12, was an

assessment under R.C. 5739.13 to which the penalty, then fifteen percent, was to be added.  We concluded that the statutes designated the forfeiture as revenue collectible by assessment and further designated the penalty provision in R.C. 5739.13 as a penalty due on this forfeiture.  Moreover, in Village Music, Inc. v. Collins (1978), 54 Ohio St.2d 179, 8 O.O. 3d 166, 375 N.E. 2d 429, we reiterated that the commissioner has the authority to assess the delinquency charge against a vendor and must add the penalty to the delinquency charge.

At the time Wilson and Village Music were decided, R.C. 5739.12, which provides for filing sales tax returns by vendors, formerly stated:

"* * * Any vendor who fails to file a return under this section and the rules and regulations of the commissioner shall, for each day he so fails, forfeit and pay into the state treasury the sum of one dollar, as revenue arising from the tax imposed by sections 5739.01 to 5739.31, inclusive, of the Revised Code, and such sum may be collected by assessment in the manner provided in section 5739.13 of the Revised Code." 132 Ohio Laws, Part I, 2019.

R.C. 5739.13, which provides for, inter alia, the assessment process, formerly stated in part:

"A penalty of fifteen percent shall be added to the amount of every assessment made under this section."  132 Ohio Laws, Part I, 2023.

Am. Sub. S.B. No. 448, 138 Ohio Laws, Part I, 1330 (effective Dec. 19, 1980) amended R.C. 5739.12 to read:

"* * * Any vendor who fails to file a return under this section and the rules of the commissioner shall, for each such return he fails to file within the period prescribed by this section and the rules of the commissioner, forfeit and pay into the state treasury an additional charge of fifty dollars or ten per cent of the tax required to be paid for the reporting period, whichever is greater, as revenue arising from the tax imposed by sections 5739.01 to 5739.31 of the Revised Code, and such sum may be collected by assessment in the manner provided in section 5739.13 of the Revised Code. * * *"

The BTA ruled in the instant case, without mentioning Wilson, that the assessment of additional charges for delinquent returns is made under R.C. 5739.12 and not R.C. 5739.13.  It further ruled that this interpretation disallows the penalty, now imposed by R.C. 5739.133, reasoning that the penalty is levied only on assessments under R.C. 5739.13. Ernst, of course, agrees with this interpretation and maintains that the new statutory language requires this conclusion.

However, Am. S.B. No. 448 changed only the calculation of the additional charge; the charge is still designated as revenue arising from the sales tax and it is still to be collected by assessment under R.C. 5739.13.  Thus, the BTA's interpretation is not valid under Wilson and Village Music.  As those cases held that the additional charge is assessed under R.C. 5739.13, the penalty must be imposed on the additional charge.  Consequently, the BTA erred.

Next, the parties dispute the percentage to be charged for late filing.  The commissioner maintains that a delinquent filing, under the statutes, is the equivalent of not filing

and, thus, he must impose the fifty-percent penalty. Ernst argues that R.C. 5739.133 prevents a fifty-percent penalty's being charged on the additional assessment because Ernst ultimately filed a return, though late, and remitted the tax to the state.

Sub. H.B. No. 231 deleted the penalty language from R.C. 5739.13 and enacted R.C. 5739.133, which states:

"(A) A penalty shall be added to every amount assessed under section 5739.13 * * * of the Revised Code as follows:

"(1) In the case of an assessment against a person who fails to file a return required by this chapter, fifty per cent of the amount assessed;

"* * *

"(3) In the case of all other assessments, fifteen per cent of the amount assessed. * * *"  142 Ohio Laws, Part II, 2635, 2913.

R.C. 5739.12 levies the additional charge if the vendor fails to file a return within the time prescribed by the section. Thus, R.C. 5739.12 conditions the levy of the additional charge on timeliness of the return. However, the penalty imposed by R.C. 5739.133(A)(1) is to be added to the assessment against a person who fails to file a return required by the chapter. This latter section does not mention timely filing and, thus, does not make timeliness a condition. Consequently, we read R.C. 5739.133(A)(1) to impose the fifty-percent penalty to assessments where the vendor fails completely to file a return.

However, under R.C. 5739.133(A)(3), a fifteen-percent penalty is assessable against the additional charge. If the commissioner issues an assessment under R.C. 5739.13, and if no other subdivision of R.C. 5739.133 applies, as happened here, he must add a fifteen-percent penalty to the assessment.

Accordingly, we reverse the decision of the BTA and remand this case for imposition of the fifteen-percent penalty against the additional charge due under R.C. 5739.12 and assessed under R.C. 5739.13.

Decision reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.