ERNST ENTERPRISES, INC., APPELLEE, *v.* TRACY, TAX COMMR., APPELLANT.

[Cite as *Ernst Enterprises, Inc. v. Tracy* (1994), 68 Ohio St.3d 542.]

(No. 93–114—Submitted January 11, 1994—Decided March 30, 1994.)

*Coolidge, Wall, Womsley & Lombard* and *Merle F. Wilberding,* for appellee.

*Lee I. Fisher,* Attorney General, and *Thelma Thomas Price,* Assistant Attorney General, for appellant.

*Per Curiam.* In *Wilson v. Porterfield* (1971), 28 Ohio St.2d 176, 57 O.O.2d 409, 277 N.E.2d 207, syllabus, we held that the "forfeiture," at that time $1 per day, to be paid if a vendor failed to file a sales tax return under R.C. 5739.12, was an assessment under R.C. 5739.13 to which the penalty, then fifteen percent, was to be added. We concluded that the statutes designated the forfeiture as revenue collectible by assessment and further designated the penalty provision in R.C. 5739.13 as a penalty due on this forfeiture. Moreover, in *Village Music, Inc. v. Collins* (1978), 54 Ohio St.2d 179, 8 O.O.3d 166, 375 N.E.2d 429, we reiterated that the commissioner has the authority to assess the delinquency charge against a vendor and must add the penalty to the delinquency charge.

At the time *Wilson* and *Village Music* were decided, R.C. 5739.12, which provides for filing sales tax returns by vendors, formerly stated:

" * * * Any vendor who fails to file a return under this section and the rules and regulations of the commissioner shall, for each day he so fails, forfeit and pay into the state treasury the sum of one dollar, as revenue arising from the tax imposed by sections 5739.01 to 5739.31, inclusive, of the Revised Code, and such sum may be collected by assessment in the manner provided in section 5739.13 of the Revised Code." 132 Ohio Laws, Part I, 2019.

R.C. 5739.13, which provides for, *inter alia*, the assessment process, formerly stated in part:

"A penalty of fifteen percent shall be added to the amount of every assessment made under this section." 132 Ohio Laws, Part I, 2023.

Am.Sub.S.B. No. 448, 138 Ohio Laws, Part I, 1330 (effective Dec. 19, 1980) amended R.C. 5739.12 to read:

" * * * Any vendor who fails to file a return under this section and the rules of the commissioner shall, for each such return he fails to file within the period prescribed by this section and the rules of the commissioner, forfeit and pay into the state treasury an additional charge of fifty dollars or ten per cent of the tax required to be paid for the reporting period, whichever is greater, as revenue arising from the tax imposed by sections 5739.01 to 5739.31 of the Revised Code, and such sum may be collected by assessment in the manner provided in section 5739.13 of the Revised Code. * * * "

The BTA ruled in the instant case, without mentioning *Wilson,* that the assessment of additional charges for delinquent returns is made under R.C. 5739.12 and not R.C. 5739.13. It further ruled that this interpretation disallows the penalty, now imposed by R.C. 5739.133, reasoning that the penalty is levied only on assessments under R.C. 5739.13. Ernst, of course, agrees with this interpretation and maintains that the new statutory language requires this conclusion.

However, Am.Sub.S.B. No. 448 changed only the calculation of the additional charge; the charge is still designated as revenue arising from the sales tax and it is still to be collected by assessment under R.C. 5739.13. Thus, the BTA's interpretation is not valid under *Wilson* and *Village Music.* As those cases held that the additional charge is assessed under R.C. 5739.13, the penalty must be imposed on the additional charge. Consequently, the BTA erred.

Next, the parties dispute the percentage to be charged for late filing. The commissioner maintains that a delinquent filing, under the statutes, is the equivalent of not filing and, thus, he must impose the fifty-percent penalty. Ernst argues that R.C. 5739.133 prevents a fifty-percent penalty's being charged

on the additional assessment because Ernst ultimately filed a return, though late, and remitted the tax to the state.

Sub.H.B. No. 231 deleted the penalty language from R.C. 5739.13 and enacted R.C. 5739.133, which states:

"(A) A penalty shall be added to every amount assessed under section 5739.13 * * * of the Revised Code as follows:

"(1) In the case of an assessment against a person who fails to file a return required by this chapter, fifty per cent of the amount assessed;

" * * *

"(3) In the case of all other assessments, fifteen per cent of the amount assessed. * * *" 142 Ohio Laws, Part II, 2635, 2913.

R.C. 5739.12 levies the additional charge if the vendor fails to file a return within the time prescribed by the section. Thus, R.C. 5739.12 conditions the levy of the additional charge on timeliness of the return. However, the penalty imposed by R.C. 5739.133(A)(1) is to be added to the assessment against a person who fails to file a return required by the chapter. This latter section does not mention timely filing and, thus, does not make timeliness a condition. Consequently, we read R.C. 5739.133(A)(1) to impose the fifty-percent penalty to assessments where the vendor fails completely to file a return.

However, under R.C. 5739.133(A)(3), a fifteen-percent penalty is assessable against the additional charge. If the commissioner issues an assessment under R.C. 5739.13, and if no other subdivision of R.C. 5739.133 applies, as happened here, he must add a fifteen-percent penalty to the assessment.

Accordingly, we reverse the decision of the BTA and remand this case for imposition of the fifteen-percent penalty against the additional charge due under R.C. 5739.12 and assessed under R.C. 5739.13.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.